# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA S. PLUMB, | Case No. SA CV 09-1142 JCG |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I.
## INTRODUCTION AND SUMMARY

On October 2, 2009, plaintiff Pamela S. Plumb ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of disability insurance benefits ("DIB"). [Docket No. 1.]

On May 25, 2010, Defendant filed his answer, along with a certified copy of the administrative record. [Docket Nos. 23, 24, 25.]

In sum, having carefully studied, *inter alia*, the parties' joint stipulation and the administrative record, the Court concludes that, as detailed below, the

Administrative Law Judge ("ALJ") improperly evaluated the opinion of Plaintiff's treating physician. The Court thus remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## PERTINENT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 57 years old on the date of her administrative hearing, has completed high school and some college. (*See* Administrative Record ("AR") at 52, 57, 124, 127.)

On June 17, 2005, Plaintiff filed for DIB, alleging that she has been disabled since October 1, 2003 due to neck, back, rib and multiple joint pain and mental health problems. (*See* AR at 76, 77, 78, 85, 127.)

On April 3, 2007, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (*See* AR at 52-75.) The ALJ also heard testimony from Susan Allison, a vocational expert ("VE"). (*Id.*)

On May 25, 2007, the ALJ denied Plaintiff's request for benefits. (AR at 31-39.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff has not engaged in substantial gainful activity since her alleged onset date. (*Id.* at 33.)

At step two, the ALJ found that Plaintiff suffers from severe impairments consisting of "back pain and osteoarthritis and allied disorders." (AR at 33 (emphasis omitted).)

At step three, the ALJ determined that the evidence did not demonstrate that Plaintiff's impairment, either individually or in combination, met or medically equaled the severity of any listing set forth in the Social Security regulations.[1/] (AR at 33.)

---

[1/] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

2

The ALJ then assessed Plaintiff's residual functional capacity[2] ("RFC") and determined that she can perform light exertion work. (AR at 33.) Specifically, the ALJ found that Plaintiff can:

> occasionally lift and carry twenty pounds and frequently lift and carry ten pounds[;] sit, stand and walk for a total of six hours in an eight-hour workday[;] occasionally use the left upper extremities for pushing and pulling[;] occasionally climb stairs, bend, balance, stoop, kneel, crouch, and crawl, but never climb ladders or scaffolds[;] occasionally use the left upper extremities for gross manipulations[; and] never use the left upper extremities for reaching over head.

(*Id.* (emphasis omitted).)

The ALJ found, at step four, that Plaintiff retained the ability to perform her past relevant work as an administrative assistant and administrative clerk. (AR at 38.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 31, 39.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 3-6, 26.) The ALJ's decision stands as the final decision of the Commissioner.

## III.

## **STANDARD OF REVIEW**

This Court is empowered to review decisions by the Commissioner to deny

---

[2] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id.* (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUES PRESENTED

Three disputed issues are presented for decision here:

1. whether the ALJ properly evaluated the opinion of Plaintiff's treating physician, (*see* Joint Stip. at 4-15, 17-18);

2. whether the ALJ failed to properly assess Plaintiff's credibility, (*see id.* at 19-21, 24-25); and

4

3. whether the ALJ failed to properly assess Plaintiff's RFC by excluding limitations resulting from the combined effect of Plaintiff's impairments. (*Id.* at 4.)

Under the circumstances here, the Court finds the issue of the ALJ's evaluation of the medical evidence to be dispositive of this matter, and does not reach the remaining issues.

## V.

## DISCUSSION AND ANALYSIS

A. <u>Evaluation of the Medical Evidence</u>

Plaintiff contends that "[i]t is clear that the ALJ was aware of [the opinion of treating physician Sanjay Deshmukh, M.D. ("Dr. Deshmukh")] as the ALJ discusses the findings of Dr. Deshmukh's assessments. Yet, the ALJ did not evaluate the opinions reached by Dr. Deshmukh." (Joint Stip. at 6.)

1. <u>The ALJ Must Provide Specific and Legitimate Reasons Supported by Substantial Evidence to Reject a Treating Physician's Opinion</u>

In evaluating medical opinions, Ninth Circuit case law and Social Security regulations distinguish among the opinions of three types of physicians:

(1) those who treat the claimant (treating physicians);

(2) those who examine but do not treat the claimant (examining physicians); and

(3) those who neither examine nor treat the claimant (non-examining physicians). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995, *as amended* April 9, 1996); *see also* 20 C.F.R. §§ 404.1527(d) & 416.927(d) (prescribing the respective weight to be given the opinion of treating sources and examining sources).

"As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Lester*, 81 F.3d at 830; *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003). This is so because a treating physician "is employed to cure and has a greater

1 opportunity to know and observe the patient as an individual." *Sprague v. Bowen*,
2 812 F.2d 1226, 1230 (9th Cir. 1987).

3 Where the treating physician's "opinion is not contradicted by another doctor,
4 it may be rejected only for 'clear and convincing' reasons." *Benton*, 331 F.3d at
5 1036; *see also Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) ("While the
6 ALJ may disregard the opinion of a treating physician, whether or not controverted,
7 the ALJ may reject an *uncontroverted* opinion of a treating physician only for clear
8 and convincing reasons.") (italics in original).

9 "Even if the treating doctor's opinion is contradicted by another doctor, the
10 [ALJ] may not reject this opinion without providing specific and legitimate reasons
11 supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal
12 quotation marks and citation omitted); *accord Reddick*, 157 F.3d at 725.

13 The ALJ can meet the requisite specific and legitimate standard "by setting
14 out a detailed and thorough summary of the facts and conflicting clinical evidence,
15 stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881
16 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

17       2.     <u>The ALJ Improperly Evaluated Dr. Deshmukh's Opinion</u>

18 Having carefully reviewed the record and the joint stipulation, the Court is
19 persuaded that the ALJ's assessment of Dr. Deshmukh's opinion is not legally
20 sufficient and/or supported by substantial evidence. Four reasons guide this Court's
21 determination.

22 First, the ALJ failed to provide specific and legitimate reasons supported by
23 substantial evidence in rejecting treating physician Dr. Deshmukh's opinion. *Lester*,
24 81 F.3d at 830. In his opinion, the ALJ adopted the opinion of a consultative
25 examiner[3] and rejected the opinion of treating physician Calvin B. Ross, D.C.

26

27    [3] It is unclear to the Court which "consultative examiner" the ALJ points to in
28 support of his determination. (*See* AR at 38 ("As for the opinion evidence, the

6

1 (*See* AR at 38.) While the ALJ summarized portions of Dr. Deshmukh's opinion, he did not otherwise accept or reject Dr. Deshmukh's opinion. (*See id.* at 35-38.)

However, Dr. Deshmukh's opinion is not consistent with the ALJ's RFC assessment. For instance, on April 22, 2004, Dr. Deshmukh completed a primary treating physician's permanent and stationary report. (AR at 213-27.) Specifically, Dr. Deshmukh opined:

> Pertaining to the patient's cervical spine, it is my opinion that the patient has sustained a permanent disability precluding repetitive motion of the neck. Pertaining to the patient's left shoulder, the patient has sustained a permanent disability precluding at and above-shoulder level work. Pertaining to the patient's left elbow, the patient has sustained a permanent disability precluding repetitive motion of the arm. Pertaining to the patient's left wrist, the patient has sustained a permanent disability precluding gripping, grasping, and torquing. Pertaining to the patient's lumbar spine, it is my opinion that the patient has sustained a disability precluding heavy work.

(*Id.* at 226.)

The ALJ's RFC assessment made no reference to a restriction in neck movement, nor did he preclude Plaintiff from pushing and pulling, or lifting and carrying with her left arm. (*Compare* AR at 33 (ALJ finding that Plaintiff can "occasionally lift and carry twenty pounds and frequently lift and carry ten pounds," "occasionally use the left upper extremities for pushing and pulling" and "gross manipulations") *with id.* at 226.)

Accordingly, the ALJ implicitly rejected Dr. Deshmukh's opinion. *See also*

---

consultative examiner felt that [Plaintiff] was able to perform light exertion work as stated above.").)

*Smith ex rel. Enge v. Massanari*, 139 F. Supp. 2d 1128, 1133 (C.D. Cal. 2001) (reliance on one physician's opinion in making a finding, which differs from that of another physician, is an implicit rejection of the latter). In so doing, the ALJ committed reversible error by failing to provide any reason, let alone a specific and legitimate one, for disregarding the opinion of Dr. Deshmukh, who treated Plaintiff for over one year and six months during the relevant time period, performed extensive examinations of Plaintiff's cervical and lumbar spine, and ordered various testing to be performed. (*See* AR at 213-227, 316-27, 460-66); *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1987, *as amended* Aug. 4, 1988) ("We find nothing in the ALJ's decision which indicates why [the treating physician's] medical findings, reports, and opinion were disregarded. Because the ALJ did not state reasons based on substantial evidence, we reverse the decision to deny benefits.").

Second, to the extent the ALJ rejected Dr. Deshmukh's opinion based on his conclusion that "the clinical signs and findings in this record do not support the restrictions" of Plaintiff's treating physicians, (*see* AR at 38), his assessment is impermissibly broad and conclusory and "does not achieve the level of specificity" required to justify his rejection of a *treating* physician's opinion. *See McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989, *as amended* Oct. 19, 1989) (ALJ's rejection of treating physician's opinion on the ground that it was contrary to the clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed."); *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989) ("Merely to state that a medical opinion is not supported by enough objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim.") (internal quotation marks and citation omitted).

Third, while the ALJ did acknowledge at the administrative hearing that Dr. Deshmukh treated Plaintiff in the context of her workers' compensation claim, (AR at 73), he failed to indicate that he recognized the differences between the relevant

1  state workers' compensation terminology, on the one hand, and the relevant Social
2  Security disability terminology, on the other hand, and accounted for those
3  differences in evaluating the medical evidence.  (*See generally id.* at 31-39); *see*
4  *Booth v. Barnhart*, 181 F. Supp. 2d 1099, 1106 (C.D. Cal. 2002); *see also*
5  *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988)
6  ("The categories of work under the Social Security disability scheme are measured
7  quite differently[ than under the California workers' compensation system]. . . . It is
8  clear from the record that the ALJ did not adequately consider this distinction.").
9        Defendant argues that "the ALJ did not disregard Dr. Deshmukh's opinion,
10 but rather, with the assistance of the State agency physician, translated it into a
11 formulation that is applicable to the Social Security disability context."  (Joint Stip.
12 at 16.)  Defendant contends that the "ALJ based his [RFC] findings on the opinion of
13 the State agency physician, H. Estrin, M.D. [("Dr. Estrin")], who reviewed the entire
14 record, including Dr. Deshmukh's report."  (*Id.*)  Defendant's assertion is not well-
15 taken.
16       The Court's review is limited to the reasons *actually cited* by the ALJ in his
17 decision.  *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the
18 reasons provided by the ALJ in the disability determination and may not affirm the
19 ALJ on a ground upon which he did not rely.").  Here, the ALJ did not explicitly cite
20 to Dr. Estrin's assessment anywhere in his opinion.  (*See generally* AR at 31-39.)
21
22       In any event, the Court fails to find any indication in Dr. Estrin's eight-page
23 checklist RFC assessment form that demonstrates he properly "translated" Dr.
24 Deshmukh's use of workers' compensation terminology, nor did the ALJ
25 acknowledge such a translation.  (*See generally* AR at 35-38, 512-19); *see Payan v.*
26 *Chater*, 959 F. Supp. 1197, 1204 (C.D. Cal. 1996) ("[T]he ALJ failed to properly
27 consider [treating physician's] use of workers' compensation terminology. . . . Thus,
28 the ALJ's findings that plaintiff has only slight mental limitations and 'mild'

1  deficiencies in concentration are not supported by substantial evidence.").

2  Further, while the ALJ's RFC assessment is supported by non-examining
3  physician Dr. Estrin's opinion, Dr. Estrin's opinion is *not* consistent with Dr.
4  Deshmukh's RFC findings. As noted above, Dr. Deshmukh's opinion conflicted
5  with the ALJ's RFC assessment and similarly Dr. Estrin's opinion, in that Dr.
6  Deshmukh imposed more restrictions on Plaintiff's neck movement and ability to
7  use her left arm. (*Compare* AR at 512-19 (Dr. Estrin's RFC assessment form) *with*
8  *id.* at 213-227, 316-27, 460-66.)

9  Moreover, because there is no evidence in the record that is consistent with
10 non-examining physician Dr. Estrin's assessment, his opinion cannot constitute
11 substantial evidence supporting the ALJ's RFC assessment. *See Lester*, 81 F.3d at
12 832 ("In the absence of record evidence to support it, the nonexamining medical
13 advisor's testimony does not by itself constitute substantial evidence that warrants a
14 rejection of . . . the treating doctor's . . . opinion."); *Erickson v. Shalala*, 9 F.3d 813,
15 818 n.7 (9th Cir. 1993) ("the non-examining physicians' conclusion, *with nothing*
16 *more*, does not constitute substantial evidence") (internal quotation marks, brackets
17 and citation omitted) (italics in original).

18 Finally, Defendant argues that any error the ALJ committed "in translating the
19 state worker's compensation work restrictions opined by Dr. Deshmukh[] . . . was
20 harmless because the ultimate outcome of the case would not change." (Joint Stip. at
21 16.) Defendant contends that the ALJ posed several hypothetical questions to the
22 VE, one of which "included the limitations in Dr. Deshmukh's opinion," and the VE
23 "stated that Plaintiff would still be able to perform her past relevant jobs." (*Id.*; *see*
24 *also* AR at 73.)

25 The Court cannot find this error to be harmless, as it may have impacted the
26 ALJ's determination, among other issues, of the credibility of Plaintiff's testimony
27 concerning the pain she experiences and her physical limitations. The ALJ's finding
28 that her testimony was not credible may very well change in light of corroborating

medical evidence from a treating physician.

## VI.

## **REMAND IS APPROPRIATE**

This Court has discretion to remand or reverse and award benefits. *McAllister*, 888 F.2d at 603. Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, remand is required because the ALJ failed to properly evaluate Dr. Deshmukh's opinion.

Because the Court concludes that the ALJ erred in rejecting Dr. Deshmukh's opinion, it does not reach Plaintiff's remaining contentions. (*See* Joint Stip. at 4, 19-21, 24-25.) Credibility and RFC findings are reviewed in light of the record as a whole. *See Hayes v. Astrue*, 270 Fed.Appx. 502, 505 (9th Cir. 2008). Accordingly, on remand, the ALJ must reconsider Plaintiff's credibility and reassess her RFC. In addition, if necessary, the ALJ shall obtain additional information and clarification regarding Plaintiff's functional limitations. The ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: March 24, 2011

_____
Hon. Jay C. Gandhi
United States Magistrate Judge